## AULD, SR. v FIRST TRUST & SAVINGS BANK

Ohio Appeals, 5th Dist, Stark Co.

No. 1792.   Decided Sept. 29, 1938.

F. E. Hunter, Alliance, for appellant. Amerman & Mills, Canton, for appellee.

STEVENS, PJ., WASHBURN, J., and DOYLE, J. (9th Dist.), sitting by designation.

## OPINION

By WASHBURN, J.

This cause is before this court on an appeal on questions of law. The action was commenced in the Common Pleas Court by Robert Auld, Sr., as plaintiff, against The First Trust & Savings Bank as defendant, and was an action to recover a judgment against the defendant by reason of certain alleged acts of the defendant in an action in the Municipal Court of Al-

liance, Ohio, between Robert Auld, Sr., as plaintiff, and one Tom Talaba as defendant, wherein the defendant in the trial court in the instant suit was a garnishee.

A jury was waived in the trial court, and the court rendered judgment for the defendant.

The record contains the original papers and a transcript of the docket and journal entries in the Municipal Court case, and also the respective records and transcripts in other cases begun in the Common Pleas Court and the Court of Appeals which concerned said action in the Municipal Court while it was pending therein. Two of such cases were taken to the Supreme Court and by opinions disposed of therein. The record also contains an agreement as to certain facts.

Some of this evidence was objected to, and as a preliminary question in the case we hold that such evidence was admissible.

In order to understand the situation, it is necessary to refer to some matters in reference to said cases.

Robert Auld, Sr., appellant, will be hereinafter referred to as "creditor"; The First Trust & Savings Bank, appellee, will be referred to as "garnishee", and Tom Talaba will be referred to as "debtor".

The creditor sued the debtor in the Municipal Court to recover a money judgment, and served garnishee notice upon the bank. By such process, however, the bank did not become a party to that suit.

The suit in the Municipal Court was begun February 13, 1935, and various proceedings in addition to the garnishee notice were had therein, and thereafter a judgment was entered in the case; but on December 30, 1935, all the proceedings theretofore had in said case in the Municipal Court were vacated. Thereupon an amended petition and an alias affidavit for attachment were filed, which were followed by the issuance of summons on the amended petition and the issuance of an alias order of attachment; both of which were served on December 30, 1935.

What was done in the Municipal Court before that time we do not consider of any importance, and therefore it will not be necessary to refer to it.

On January 2, 1936, the garnishee filed an answer in the Municipal Court admitting possession of a deposit of debtor's money, and stating that the garnishee had been restrained by an order of the Court of Appeals from paying out the deposit until further order of the court. The restraining order had at that time been dissolved and a permanent injunction denied, but it does not appear that the bank was aware of that fact. It should again be noted, however, that by the filing of such answer the garnishee did not become a party to the action in the Municipal Court.

On February 16, 1936, when the creditor's action was pending in the Municipal Court, and before trial and judgment therein, the debtor brought an action in the Court of Appeals to prohibit the judge of the Municipal Court from proceeding to try the action, and on the same day the Court of Appeals issued an alternative writ in prohibition, which writ was served on said municipal judge on February 18, 1936.

On February 19, 1936, notwithstanding the issuance and service of such writ, the municipal judge entered upon the docket in the case the following:

"Case set for trial, case called, defendant not appearing. Judgment entered for plaintiff by default for $1,000 and costs."

That is the judgment which is a necessary predicate to the cause of action sued upon in the instant case, because, without a valid judgment against the debtor, there is no right of recovery against the garnishee.

On March 21, 1936, the Court of Appeals finally disposed of the prohibition action in that court by issuing a peremptory writ in prohibition against the municipal judge, prohibiting him from taking further proceedings in said municipal court case and from trying the same or issuing any order therein; and

as a part of the judgment the court ordered that "the attachment heretofore issued in said proceeding, No. 15016 in the Municipal Court of Alliance, Ohio, in which Robert Auld, Sr., is plaintiff, and Tom Talaba is defendant, is hereby dismissed and dissolved".

On the same day, the debtor presented to the garnishee a certified copy of the final order and judgment of the Court of Appeals, and demanded payment to him of his deposit with such garnishee; and said garnishee—not being a party in the Municipal Court action, nor in any of the other various actions referred to, except the action referred to in its answer as garnishee in the Municipal Court, wherein the Court of Appeals enjoined it from paying out the deposit until the further order of that court, and acting in good faith and in reliance upon said order of the Court of Appeals dissolving the attachment—paid to the debtor his deposit with it.

Thereafter, in the prohibition action in the Court of Appeals, to which said garnishee was not a party, the Court of Appeals, on motion and after hearing, amended its final judgment in prohibition by striking out the part thereof relating to the dismissal and dissolving of the attachment.

Thereafter, in December, 1936, the Supreme Court reversed the judgment of the Court of Appeals in the prohibition case, and rendered final judgment in favor of the judge of the Municipal Court, who was the appellant in the case.

On March 3, 1937, the instant case was begun by the creditor against the garnishee by petition in the Common Pleas Court, alleging that he recovered judgment against the debtor in the Municipal Court on the 19th day of February, 1936, that on the 2nd day of January, 1936, the garnishee had answered that it had a certain sum in its possession belonging to the debtor, and that the garnishee had refused to pay the money into said court in accordance with the order of the court made on the 9th day of February, 1937, and asking judgment for the amount of said deposit.

The garnishee filed an answer admitting that at one time it had some credits and money in its hands owing and belonging to said debtor, and alleging that it had paid the same to the debtor at a time when there was not any writ of attachment or garnishment in favor of the creditor and against the debtor; and the proof shows the circumstances as hereinbefore set forth under which such payment was made.

In determining whether or not the judgment of the Common Pleas Court should be reversed, it is proper to point out that the judgment obtained against the debtor in the Municipal Court, and which is an indispensable prerequisite to the creditor's right to recover, was entered by the judge of the Municipal Court in defiance of an order of the Court of Appeals served upon him the day before the judgment was entered; and that the answer filed by the garnishee on January 2, 1936, was not such as to clothe the Municipal Court with authority to make an order as to the payment of the same which would be binding upon the garnishee.

Was the payment by the garnishee under the circumstances that have been outlined a defense to the action brought against it in the Common Pleas Court?

It seems to be the general rule that the discharge of a garnishee by a court of competent jurisdiction releases the equitable lien created by the garnishment, and protects the garnishee in disposing of the property in his hands after such judgment and prior to its reversal upon appeal, unless the lien be continued by proper order or stay of proceedings pending appeal. It is not claimed that there was any such order or stay of proceedings in this case, and at the time said payment was paid no notice of appeal of the prohibition judgment had been filed.

The fact that the Court of Appeals after said payment amended its judgment by striking therefrom the special reference to the attachment, did not deprive the garnishee of any rights ac-

quired under the order as it was originally made. No part of the judgment of the Court of Appeals as originally made was void; it was made in an action over which the court had jurisdiction, and at best was only erroneous; the prohibition order without the special reference to the attachment was a discharge of the attachment.

The fact that said order without the special reference to the attachment was found by the higher court to be erroneous, did not, under the rule as heretofore stated, deprive the garnishee of rights acquired by reason of and reliance upon the judgment of the Court of Appeals.

It must be remembered that the garnishee was not a party to the action in the Municipal Court nor to the prohibition action in the Court of Appeals and Supreme Court, and that there is no claim of bad faith or that the garnishee was so-to-speak anything but an innocent stakeholder.

Finding no prejudicial error in the record, the judgment is affirmed.

STEVENS, PJ. & DOYLE, J., concur.